

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-28-2008

# Karpiel v. Ogg Cordes Murphy

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3379

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Karpiel v. Ogg Cordes Murphy" (2008). *2008 Decisions.* Paper 317.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/317

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3379
_____

HELENE KARPIEL,

Appellant

v.

OGG, CORDES, MURPHY & IGNELZI,
LLP, The Firm; GARY J. OGG, Esq.;
SAMUEL J. CORDES, Esq.;
MICHAEL A. MURPHY, Esq.; PHILIP A. IGNELZI

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 04-cv-00523)
District Judge: Honorable David S. Cercone

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 6, 2008

Before: MCKEE, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed October 28, 2008)

_____

OPINION
_____

PER CURIAM

Helene Karpiel, proceeding pro se, appeals from the District Court's entry of summary judgment in favor of Appellees. For the reasons that follow, we will vacate the judgment of the District Court and remand for further proceedings.

On April 2, 2004, Karpiel initiated the underlying lawsuit in the United States District Court for the Western District of Pennsylvania. In short order, Karpiel filed a complaint, an amended complaint, a second amended complaint, and a document entitled "amended complaint with some attachments added." Appellees moved to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The District Court denied their motion, holding that Karpiel had sufficiently pled that Appellees had refused to allow her to roll over, transfer or withdraw her funds held in their 401k plan and, therefore, had stated a claim for enforcement under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

As explained by the District Court, there then ensued a protracted period of discovery during which Karpiel had to be ordered to attend her deposition. Approximately two years after the District Court denied Appellees' motion to dismiss, they moved for summary judgment, arguing that Karpiel failed to exhaust her administrative remedies under their employee benefit plan ("the Plan"). The Court permitted Karpiel until July 5, 2007 to file a response, but she did not do so. On July 9, 2007, the District Court entered an opinion and order granting Appellees' motion for summary judgment based on Appellees' assertion that Karpiel failed to exhaust her administrative remedies, and declining to exercise supplemental jurisdiction over what

2

appears to be a state law unlawful termination claim. Karpiel timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's entry of summary judgment, viewing the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the summary judgment motion. Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 235 (3d Cir. 1995). We have held that "it is inappropriate to grant summary judgment in favor of a moving party who bears the burden of proof at trial unless a reasonable juror would be compelled to find its way on the facts needed to rule in its favor on the law." See El v. Southeastern Pennsylvania Transp. Auth., 479 F.3d 232, 238 (3d Cir. 2007).

ERISA itself does not contain an exhaustion requirement, but it does require covered benefit plans to provide administrative remedies for persons whose claims for benefits have been denied. See 29 U.S.C. § 1133; see also Metropolitan Life Ins. Co. v. Price, 501 F.3d 271, 279 (3d Cir. 2007) (describing the ERISA exhaustion requirement as "a judicial innovation with an eye toward 'sound policy'"). Accordingly, courts have long held that an ERISA plan participant must exhaust the administrative remedies available under the plan before seeking relief in federal court unless the participant can demonstrate that resort to the plan remedies would be futile. See Harrow v. Prudential Ins. Co. of Am., 279 F.3d 244, 249-51 (3d Cir. 2002); Weldon v. Kraft, 896 F.2d 793, 800 (3d Cir. 1990).

Exhaustion is an affirmative defense and, accordingly, the burden is on Appellees to demonstrate that Karpiel failed to exhaust her administrative remedies under the plan.

3

See Price, 501 F.3d at 280 (exhaustion requirement in ERISA enforcement action is "a nonjurisdictional affirmative defense"); Jakimas v. Hoffmann-La Roche, Inc., 485 F.3d 770, 782 (3d Cir. 2007) (summary judgment properly denied where moving party failed to meet burden of proving affirmative defense). In their summary judgment brief, Appellees state that "there is no record evidence that Plaintiff took the appropriate steps to exhaust her administrative remedies, as those remedies would have been defined in the plan documents." (Ae. Br., at 2.) Appellees seem to rely on 29 U.S.C. § 1024(b)(4), which provides:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

Appellees maintain that, because there is no evidence in the record that Karpiel submitted a "written request" as required by this section, she failed to exhaust her remedies. It is not clear, and Appellees do not cite any support for the proposition, that this section applies to a plan participant seeking to roll over, transfer or withdraw the funds held in her 401k account, as Karpiel alleges she seeks to do here.

Under our case law, the appropriate question is what remedies are required *under the plan*. See Harrow, 279 F.3d at 249. Unfortunately, Appellees fail to provide the Court with any information regarding the exhaustion requirements of the Plan, nor does their bald assertion that Karpiel has failed to exhaust demonstrate that she has, in fact, failed to exhaust. See El v. Southeastern Pennsylvania Transportation Authority, 479

4

F.3d 232, 237 (3d Cir. 2007) ("Because SEPTA sought summary judgment on its affirmative defense of business necessity, it would bear the burden of proof at trial and therefore must show that it has produced enough evidence to support the findings of fact necessary to win.").  While the District Court noted that Karpiel failed to come forth with any evidence in response to Appellees' motion for summary judgment indicating that she attempted to pursue her remedies under the Plan prior to filing the instant lawsuit, the burden only shifts to her to do so once Appellees, as the moving party, have "successfully point[ed] to evidence of all of the facts needed to decide the case on the law short of trial." Id. at 238.  In addition, we note that the record contains at least two documents which call into question Appellees assertion.  (See Supp. Appx., at 103-104.)  Although we cannot say with certainty that these letters satisfy the requirements of the Plan, as we have not been apprised of what those requirements are, they do appear to be written requests for distribution forms.

Because Appellees have not met their burden of demonstrating that Karpiel failed to exhaust her administrative remedies under the Plan, we will vacate and remand the judgment of the District Court for further proceedings consistent with this opinion.