**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1603
_____

HELENE KARPIEL,
                                        Appellant

v.

OGG, CORDES, MURPHY & IGNELZI, L.L.P., THE FIRM;
GARY J. OGG, ESQ.; SAMUEL J. CORDES, ESQ.;
MICHAEL A. MURPHY, ESQ.; PHILIP A. IGNELZI, ESQ.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:04-cv-00523)
District Judge:  Honorable David Stewart Cercone
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 15, 2010
Before:  SLOVITER, SCIRICA AND GARTH, Circuit Judges

(Opinion filed:  December 16, 2010)

_____

OPINION
_____

PER CURIAM

        Helene Karpiel, proceeding pro se, appeals from the District Court's order

dismissing her case under Fed. R. Civ. P. 41(b) for failure to prosecute. For the reasons that follow, we will affirm.

I.

In 2004, Karpiel commenced this lawsuit by filing a complaint (and several amendments thereto) in the District Court against the law firm Ogg, Cordes, Murphy & Ignelzi, L.L.P. — her former employer — and the firm's named partners (all defendants are hereinafter collectively referred to as "OCMI"). OCMI moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The District Court denied the motion, concluding that Karpiel had sufficiently pleaded a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., in that she alleged that she had been unable to recover benefits under the firm's employee benefit plan.

In October 2005, the District Court held a case management conference, during which it set a discovery deadline of December 9, 2005. OCMI subsequently noticed Karpiel's deposition for December 9, 2005, but she did not appear for it.[1] As a result, OCMI moved to extend the discovery period. The court granted that request, extending the deadline to June 9, 2006. On May 15, 2006, Karpiel moved to further extend the deadline, averring that she was unable to currently proceed because of her various

---

[1] According to OCMI, Karpiel informed them that she had fractured her foot about a month before the deposition date, and that she was unaware that the deposition had been scheduled for December 9, 2005, because she had not checked her

2

medical conditions. The court granted the motion and extended the deadline to September 1, 2006.

On August 29, 2006, Karpiel moved for another extension, again claiming that her compromised health prevented her from proceeding with the case. This time, however, the court denied her request. In November 2006, at which point Karpiel still had yet to appear for her deposition, OCMI filed a motion to compel. The court granted OCMI's motion and ordered Karpiel to appear for her deposition by January 19, 2007. The deposition finally took place on January 12, 2007.

In June 2007, OCMI moved for summary judgment, arguing that Karpiel had not exhausted her remedies under the firm's employee benefit plan. The District Court granted the motion, but we vacated that decision on appeal, concluding that OCMI had not demonstrated that Karpiel had failed to exhaust those remedies. See Karpiel v. Ogg, Cordes, Murphy & Ignelzi, LLP, 297 F. App'x 192, 194 (3d Cir. 2008) (per curiam).

On remand, the District Court scheduled a pretrial conference for November 6, 2009. OCMI attended the conference but Karpiel did not.[2] The court subsequently scheduled trial to begin on January 20, 2010. On January 7, 2010, the court issued an order stating that the case would be dismissed if Karpiel failed to appear at trial.

---

mailbox in the month leading up to that date.

[2] Karpiel appears to claim that the order setting the date for the pretrial conference was initially sent to the wrong address, and that she did not receive it until after the conference had taken place.

3

On the day trial was scheduled to begin, Karpiel filed an untitled motion, which stated, inter alia, that she was "unable to obtain legal counsel, am unable, at this time, to proceed further with this case until I am able to be represented by legal counsel . . . ." (Motion filed on Jan. 20, 2010, at 1.) When she appeared in court that day, she explained that "there's no way that I can be at a trial, can go to trial." (Supp. App'x at 24.) She indicated that she had been unsuccessful in obtaining an attorney despite her many attempts to do so, and that she was not physically able to proceed. (See id. at 24-25.)

In response to these averments, the District Court explained to Karpiel that "[w]hen you tell the Court that you are unable to proceed today because you do not have counsel, after years of trying to get counsel, and that you are physically unable to proceed, then I have to deem this as a situation where there's a failure to prosecute your claim." (Id. at 27.) Then, after considering and ultimately rejecting the possibility of a motion to postpone the trial, the court made clear that "this is the date the Court has scheduled for this case and we shall proceed, if Ms. Karpiel wishes to proceed." (Id. at 29.) Karpiel responded as follows:

> I can't. I absolutely cannot. I'm sorry, Your Honor. You're right, I don't know if things will change because I have been trying — I'm all worn out from trying to get an attorney. I don't know. I spent every last cent I have. I borrowed money from my friends, right. I don't know what to do anymore.

(Id.)

Upon hearing Karpiel's response, the District Court concluded that it had "no real,

4

I don't think, any real option but to dismiss this case for failure to prosecute." (Id.) The court then adjourned the proceedings and, that same day, entered a three-page order dismissing the case with prejudice pursuant to Fed. R. Civ. P. 41(b). In its order, the court considered the factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984), and made the following findings:

> (1) Defendants, having endured approximately six (6) years of litigation, will be prejudiced by any further extensions of time; (2) it is much more likely than not that a postponement will not result in a change of Plaintiff's *pro se* status; (3) Plaintiff has litigated this action from its inception and has provided no legitimate reason why she will not proceed; and (4) based on the complete record of this action, it is unlikely that Plaintiff would succeed on the merits of her claim.

(Supp. App'x at 21-22.)

Karpiel now seeks review of the District Court's January 20, 2010 order. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[3]

## II.

Under Fed. R. Civ. P. 41(b), a district court may dismiss an action sua sponte if a plaintiff fails to prosecute her case. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31

---

[3] Karpiel filed her notice of appeal on February 22, 2010, 33 days after the District Court's January 20, 2010 order. Yet because that order did not comply with Fed. R. Civ. P. 58(a)'s separate document requirement, see Leboon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007) (stating that an order must, inter alia, "omit (or at least substantially omit) the trial court's reasons for disposing of the claims"), the time for filing her appeal did not begin to run until June 21, 2010. See Fed. R. App. P. 4(a)(7)(A)(ii). Accordingly, her notice of appeal is treated as having been timely filed on that date. See Fed. R. App. P.

(1962).  Before doing so, however, the court must consider and balance the six <u>Poulis</u>

factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary . . .; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

<u>Poulis</u>, 747 F.2d at 868 (emphasis omitted).  There is no "magic formula" for balancing

these factors, <u>see</u> <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992), nor must all of

the factors be satisfied for a district court to dismiss a case.  <u>Ware v. Rodale Press, Inc.</u>,

322 F.3d 218, 221 (3d Cir. 2003).  Such a dismissal "constitutes an exercise of the district

court judge's discretion and must be given great deference by this Court."  <u>Mindek</u>, 964

F.2d at 1373.  Accordingly, we review the District Court's dismissal of Karpiel's case for

abuse of discretion.  <u>See</u> <u>Briscoe v. Klaus</u>, 538 F.3d 252, 258 (3d Cir. 2008).

At least four of the <u>Poulis</u> factors weighed in favor of dismissing Karpiel's case.

First, Karpiel, as a pro se litigant, was personally responsible for her inability to

prosecute her case.  <u>See</u> <u>id.</u> at 258-59.  Second, the record supports the District Court's

finding that granting another extension in this case — a case that had already been

pending for roughly six years — would have prejudiced OCMI, particularly given that

they were prepared to try the case that day and apparently had arranged for independent

witnesses to testify.  Third, Karpiel's failure to proceed at trial was one of several

---

4(a)(2).

6

instances in which she had delayed the resolution of this case. Fourth, given her failure to explain how she intended to proceed with her case, there is no indication that postponing the trial constituted a viable alternative to dismissal. Moreover, she has not identified any alternative sanctions that the court could have imposed in lieu of dismissal.[4]

For the foregoing reasons, we cannot conclude that the District Court abused its discretion in holding that a balancing of the Poulis factors weighed in favor of dismissal. Accordingly, we will affirm the District Court's January 20, 2010 order. Karpiel's motion for appointment of counsel, as well as her request for leave to amend her opening brief, are denied.

---

[4] Given that Karpiel has been proceeding pro se and in forma pauperis, it seems that a monetary sanction was not a viable option. See Briscoe, 538 F.3d at 262-63.